16-399
Hu v. Sessions

BIA
A096 253 175

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April, two thousand seventeen.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

XIAO FANG HU,
> *Petitioner,*

> v.                                                          16-399
>                                                             NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

_____

**FOR PETITIONER:**          Richard Tarzia, Belle Mead, New Jersey.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Fang Hu, a native and citizen of China, seeks review of a January 19, 2016, decision of the BIA denying her motion to reopen. *In re Xiao Fang Hu,* No. A096 253 175 (B.I.A. Jan. 19, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen 'are disfavored.[']" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

2

An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered.  8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).  It is undisputed that Hu's motion to reopen was untimely because it was filed more than eleven years after her order of removal became final.  *See* 8 U.S.C. § 1101(a)(47)(B)(i).  However, the time limitation does not apply if the motion requests reopening to apply for asylum and "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3).

Substantial evidence supports the BIA's finding that Hu failed to establish a material change in conditions for underground Christians in China since her 2003 hearing.  *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at

3

the time of the merits hearing below."); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to evidence lies largely within the discretion of the agency). For example, the 2013 U.S. Department of State International Religious Freedom Report provides that China has been designated as a County of Particular Concern under the International Religious Freedom Act since 1999, "for particularly severe violations of religious freedom," and that China's "respect for religious freedom overall remained low during [2013]." A.R. 1145, 1148. And while the 2014 China Aid Report and several news articles describe instances of harassment in Hu's home province of Zhejiang in 2014 and 2015, the BIA correctly observed that even a worsening recent trend over the last several years does not necessarily represent a material change when compared to the conditions that existed at the time of the 2003 merits hearing. *See In re S-Y-G-*, 24 I. & N. Dec. at 253; *Jian Hui Shao*, 546 F.3d at 171 (observing that the task of resolving conflicts in the country conditions evidence lies "largely within the discretion of the agency"). Because substantial evidence supports the agency's finding that Hu did not show a material change in conditions since 2003, the BIA did not abuse its

4

discretion in denying her motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C); *Jian Hui Shao*, 546 F.3d at 169; *Ali*, 448 F.3d at 517.

Lastly, Hu's assertion that the BIA failed to consider her evidence is without merit.  Although the BIA did not specifically discuss all of Hu's evidence, it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted), and "[w]e presume that [the BIA] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."  *Xiao Ji Chen*, 471 F.3d at 336 n.17.  Here, the BIA acknowledged that reports providing statistics for only the last few years may be useful in establishing a recent trend; however, as noted above, the BIA correctly concluded that a worsening trend over the last several years does not necessarily equate to a material change in conditions since Hu's 2003 merits hearing.  *See In re S-Y-G-*, 24 I. & N. Dec. at 253.  The agency credited Hu's evidence, but reasonably found that it did not show a material change in conditions.  The record therefore does not compellingly suggest that Hu's evidence was ignored.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court